THE HONORABLE TANA LIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EMILY CHEUNG, and ANDREW GILL, a married couple,<br><br>    Plaintiff,<br><br>v.<br><br>NATIONWIDE GENERAL INSURANCE COMPANY,<br><br>    Defendant. | No.: 22-cv-01342-TL<br><br>STIPULATED MOTION TO FILE UNDER SEAL<br><br>NOTED ON MOTION CALENDAR: March 22, 2023 |

## I. RELIEF REQUESTED

Pursuant to LCR 5(g)(2)(B), Defendant Nationwide General Insurance Company and Plaintiffs request the Court grant permission for the parties (a) to file, under seal, the declaration of Dr. W. David Adams and his correspondence; and (b) to redact references to the contents of that declaration in their motion materials. Plaintiffs have filed one of Dr. Adams's letters in support of their motion to compel. Dkt. # 15; Dkt. # 15-4. Nationwide intends to file his declaration in connection with its Motion for Protective Order. Both parties intend to refer to the personal and sensitive health care information regarding the witness.

STIPULATED MOTION TO FILE UNDER SEAL
NO.: 22-CV-01342-TL

PAGE 1

Bullivant|Houser|Bailey PC
925 Fourth Avenue, Suite 3800
Seattle, Washington 98104
Telephone: 206.292.8930

## II. FACTS

This action concerns an insurance claim arising out of a house fire at Plaintiffs' property in Maple Valley, Washington. Jason Bond was the primary adjuster on Plaintiffs' claim starting in January 2022. Plaintiffs have requested Mr. Bond be deposed. His physician has provided correspondence and signed a declaration regarding his fitness for a deposition. The parties are filing discovery motions related to the requested deposition. Given the confidential nature of the physician's declaration, which includes personal, medical information about Mr. Bond, Plaintiffs and Nationwide agree Dr. Adams' declaration and related correspondence should be filed under seal, and references to its contents and details of Mr. Bond's health should be redacted from other filings.

## III. LEGAL AUTHORITY AND ARGUMENT

The parties must demonstrate good cause exists to protect information from being publicly disclosed in court records:

> The public has a right to inspect and copy judicial records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–98 (1978). Indeed, there is a "strong presumption in favor of access" to these records. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal citations omitted). While requests to seal judicial records attached to a dispositive motion are held to a "compelling reasons" standard, non-dispositive materials that are "unrelated, or only tangentially related to the underlying cause of action" can be sealed if " 'good cause' exists to protect this information ... by balancing the needs for discovery against the need for confidentiality." *Id*. at 1179–80. "Where the motion at issue is tangentially related to the underlying cause of action, the party seeking to seal information need only show there is 'good cause' to seal the information 'to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.' " *Moussouris v. Microsoft Corp.*, No. 16-MC-80170-MEJ, 2016 WL 5870010, at *1 (N.D. Cal. Oct. 7, 2016) (quoting *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097-1101 (9th Cir. 2016)); see also Fed. R. Civ. P. 26(c).

*Nichols v. GEICO*, No. 2:18-CV-01253-TL, 2022 WL 579341, at *1 (W.D. Wash. Feb. 25, 2022) ("good cause" standard applied to joint status reports and motion to stay). "A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive

STIPULATED MOTION TO FILE UNDER SEAL  
NO.: 22-CV-01342-TL

PAGE 2

Bullivant|Houser|Bailey PC  
925 Fourth Avenue, Suite 3800  
Seattle, Washington 98104  
Telephone: 206.292.8930

motions." *Kamakana*, 447 F.3d at 1180. Further, LCR 5(g)(3)(B) requires that, in a motion to seal, the parties explain the following: (1) the legitimate private or public interests that warrant the relief sought; (2) the injury that will result if the relief sought is not granted; and (3) why a less restrictive alternative to the relief sought is not sufficient.

The discovery motions at issue here are not case-dispositive. They address the extent of a non-litigant's participation in discovery, which is tangential to the merits of the case. Therefore, the good cause standard under Rule 26(a) applies. Good cause is met here: sealing these materials will protect a person from annoyance, embarrassment, oppression, undue burden, or expense. Courts have recognized "the need to protect medical privacy" as a compelling reason to seal documents because they contain sensitive and private information about the party's health. *Gable v. Washington Corr. Ctr. for Women*, No. 318CV05266RBLTLF, 2018 WL 5295809, at *3 (W.D. Wash. Oct. 25, 2018). Medical privacy is protected by federal law. *Karpenski v. Am. Gen. Life Companies, LLC*, No. 2:12-CV-01569RSM, 2013 WL 5588312, at *1 (W.D. Wash. Oct. 9, 2013) (citing HIPAA; sealing declarations and medical records). Declarations that make explicit reference to private information contained in Plaintiff's medical records can be filed under seal. *See id.*, at *2. Even where a *party* puts her medical condition in issue in a case, the courts protect medical information from disclosure. *Id.*, at *1.

The circumstances also meet LCR 5(g). Jason Bond neither initiated the litigation nor is a party to it. He has a legitimate, protected, interest in keeping his confidential health care information private. Injury will result if the information is not sealed because Mr. Bond's sensitive medical information will become available for public viewing and could be misused in other contexts. Any less restrictive alternative would be insufficient as to the doctor's declaration and correspondence because the contents reveal the protected information. Only by filing it under seal will Mr. Bond's privacy be maintained. As to the parties' briefs, they need not be sealed in their entirety if the Court allows the parties to redact the references to the contents of the physician's declaration and other details that are relevant to adjudicating the

STIPULATED MOTION TO FILE UNDER SEAL
NO.: 22-CV-01342-TL

PAGE 3

Bullivant|Houser|Bailey PC
925 Fourth Avenue, Suite 3800
Seattle, Washington 98104
Telephone: 206.292.8930

discovery motions.

## IV. CONCLUSION

For these reasons, the parties request that this motion be granted, and that they be permitted to file Dr. Adams declaration and correspondence under seal and to redact references to the sealed documents elsewhere in their motion materials.

DATED: March 22, 2023

        BULLIVANT HOUSER BAILEY PC

By  /s/ Pamela J. DeVet
Daniel R. Bentson, WSBA #36825
E-mail:  dan.bentson@bullivant.com
Pamela J. DeVet, WSBA #32882
E-mail:  pamela.devet@bullivant.com
Caitlyn Mathews, WSBA #60055
E-mail:  caitlyn.mathews@bullivant.com

Attorneys for Defendant Nationwide General Insurance Company

I certify that this memorandum contains 897 words, in compliance with the Local Civil Rules.

MALONEY LAUERSDORF REINER, PC

By  /s/ CJ Martin
CJ Martin, WSBA #48540
Email: cjm@mlrlegalteam.com
Anthony L. Reiner, WSBA #50301
Email: tr@mlrlegalteam.com

Attorneys for Defendant Nationwide General Insurance Company

STIPULATED MOTION TO FILE UNDER SEAL
NO.: 22-CV-01342-TL

PAGE 4

Bullivant|Houser|Bailey PC
925 Fourth Avenue, Suite 3800
Seattle, Washington 98104
Telephone: 206.292.8930

**CERTIFICATION OF CONFERRAL**

Pursuant to LCR 5(g)(3)(A), the Parties certify that on March 22, 2023, counsel for the parties (CJ Martin for Plaintiffs and Pam DeVet for Defendants) reached agreement via email regarding the contents of this motion to seal and the documents that would need to be sealed or redacted.

DATED: March 22, 2023

BULLIVANT HOUSER BAILEY PC


By /s/ Pamela J. DeVet
Daniel R. Bentson, WSBA #36825
E-mail: dan.bentson@bullivant.com
Pamela J. DeVet, WSBA #32882
E-mail: pamela.devet@bullivant.com
Caitlyn Mathews, WSBA #60055
E-mail: caitlyn.mathews@bullivant.com

Attorneys for Defendant Nationwide General Insurance Company


MALONEY LAUERSDORF REINER, PC


By /s/ CJ Martin
CJ Martin, WSBA #48540
Email: cjm@mlrlegalteam.com
Anthony L. Reiner, WSBA #50301
Email: tr@mlrlegalteam.com

Attorneys for Defendant Nationwide General Insurance Company

STIPULATED MOTION TO FILE UNDER SEAL
NO.: 22-CV-01342-TL

PAGE 5

Bullivant|Houser|Bailey PC
925 Fourth Avenue, Suite 3800
Seattle, Washington 98104
Telephone: 206.292.8930

## V. ORDER

It is so ordered.

DATED this __23rd__ day of March, 2023

_____
THE HONORABLE TANA LIN

4890-6888-9176.1

STIPULATED MOTION TO FILE UNDER SEAL
NO.: 22-CV-01342-TL

PAGE 6

**Bullivant|Houser|Bailey PC**
925 Fourth Avenue, Suite 3800
Seattle, Washington 98104
Telephone: 206.292.8930